UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SIERRA GATE LLC, et al.,<br><br>        Defendants. | Case No. 21-cv-08420-VC<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 23, 28, 30, 31 |

      On April 19, 2022, the Court issued an order to show cause. In the order, the Court expressed doubt about whether it should exercise supplemental jurisdiction over Johnson's Unruh Act claim and questioned whether Johnson had Article III standing to assert his ADA claim for injunctive relief. *See* Dkt. No. 23. Johnson responded with a brief and two declarations, requesting that the Court retain jurisdiction over his Unruh Act claim and detailing his intent to return to the subject property once the alleged barriers are remedied and the case has concluded. *See* Dkt. No. 28.

      It is now clear that the documents filed by Johnson and his counsel in response to the order to show cause were incomplete and misleading. They were boilerplate submissions—virtually identical to the documents filed by Johnson and his counsel in response to orders to show cause issued in many other cases. As such, they omitted several important facts about this case, raising serious questions about the credibility of Johnson and his attorneys from the Potter Handy firm.

      After Johnson and his counsel filed their boilerplate responses, one of the defendants in this case, Sierra Gate, filed a response of its own. Sierra Gate explained that before Johnson and

his counsel filed their boilerplate responses to the order to show cause, Sierra Gate contacted Johnson's counsel at the Potter Handy firm five times to inform them that the barriers had been removed from the property. Dkt. No. 30 at 2. The Potter Handy firm did not respond in a meaningful way to Sierra Gate's communications. After Sierra Gate filed its response on the docket, the firm filed a notice conceding that Johnson's injunctive claim is moot. Dkt. No. 31. It appears that the decision by Johnson and the Potter Handy firm to file boilerplate responses to the order to show cause instead of informing the Court of the true status of the case forced Sierra Gate incur unnecessary attorneys' fees.

      In accordance with Johnson's concession that the alleged barriers have been rectified and an immediate threat of injury no longer remains, the ADA claim against both defendants is dismissed as moot. The Court also declines to exercise supplemental jurisdiction over the Unruh Act claims against defendant McCarthy LG Boulevard, LLC. "The facts of this case—a frequent filer of ADA and Unruh Act claims seeking federal jurisdiction to circumvent California's procedural barriers to such suits—present the type of exceptional circumstances contemplated by section 1367(c)(4)" to decline supplemental jurisdiction. *Whitaker v. Alice & Olivia California Holdings LLC*, 2022 WL 1135088, at *1 (N.D. Cal. Apr. 18, 2022).

      **IT IS SO ORDERED.**

Dated: May 25, 2022

_____
VINCE CHHABRIA
United States District Judge